TODD KIM
Assistant Attorney General

SHANNON BOYLAN
ARWYN CARROLL
United States Department of Justice
Environment and Natural Resources Division
150 M St NE
Washington, DC 20002
Tel: (202) 598-9584 / Fax: (202) 305-0506
shannon.boylan@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, OREGON NATURAL DESERT ASS'N, WILDEARTH GUARDIANS, and CENTER FOR BIOLOGICAL DIVERSITY,<br><br>Plaintiffs,<br><br>v.<br><br>SECRETARY OF THE UNITED STATES DEPARTMENT OF THE INTERIOR and BUREAU OF LAND MANAGEMENT,<br><br>Defendants. | Case No. 2:21-cv-00297-HL<br><br>DEFENDANTS' MOTION TO DISMISS THE COMPLAINT AND MEMORANDUM IN SUPPORT THEREOF |

Page 1 – Defendants' Motion to Dismiss

**DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendants the Secretary of the Interior and the United States Bureau of Land Management ("BLM") hereby move this Court to dismiss Plaintiffs' Complaint in its entirety. The basis for this motion, as set forth in the accompanying memorandum, is that Plaintiffs' claims under the Federal Land Policy and Management Act ("FLPMA"), National Environmental Policy Act ("NEPA"), the Administrative Procedure Act ("APA"), and the Steens Mountain Cooperative Management and Protection Act of 2000 ("Steens Act") are now moot. Defendants' motion to dismiss should therefore be granted as to all claims.[1]

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

This case concerns former Secretary of the Interior David Bernhardt's January 19, 2021, decision authorizing BLM to issue a grazing permit to Hammond Ranches, Inc. permitting it to graze domestic livestock on the Bridge Creek allotments in southeastern Oregon. On February 26, 2021, the Department of the Interior rescinded that decision and remanded the matter to the BLM for further consideration. On April 9, 2021, the BLM posted a notice on its ePlanning website stating its intent to engage in additional NEPA process and public review for the Bridge Creek Area Allotments Management Plan. On December 3, 2021, the BLM published a Notice of Intent to prepare an Environmental Impact Statement ("EIS") for the Bridge Creek Area Allotment Management Plans. Because the Department has rescinded the decision, and thus Hammond Ranches is not authorized to graze its livestock on the Bridge Creek Allotments, Plaintiffs' challenge to that decision no longer presents a live Article III "case or controversy,"

---

[1] In compliance with Local Rule 7-1(a), the parties discussed and attempted to resolve the issues raised in this motion, but were unable to do so.

Page 2 – Defendants' Motion to Dismiss

and there is no effective relief that this Court could award. Thus, the Court should dismiss this action as moot.

I.    BACKGROUND

On January 19, 2021, former Secretary of the Interior David Bernhardt issued a Final Decision (the "Decision") authorizing the BLM to issue a grazing permit to Hammond Ranches, Inc., permitting it to graze domestic livestock on the Bridge Creek allotments in southeastern Oregon. *See* January 19 Notice of Final Decision, attached as Ex. A. More specifically, the Decision apportioned available forage within the Bridge Creek allotments; assigned a grazing preference to Hammond Ranches; authorized the BLM to issue a 10-year livestock grazing permit with allotment management plans; and authorized the construction and removal of range improvements within the allotments. *Id*. at 1.

Plaintiffs filed a complaint on February 25, 2021, comprising five claims. They alleged that: 1) former Secretary Bernhardt improperly asserted jurisdiction by issuing the Decision without opportunities for public participation required by FLPMA, 43 C.F.R. §§ 1701–87, and its implementing regulations; 2) the Decision violated FLPMA and its implementing regulations by improperly determining that Hammond Ranches was qualified to receive a grazing permit and authorizing BLM to issue a permit to Hammond Ranches over other applicants who were qualified; 3) the Decision violated NEPA, 42 U.S.C. §§ 4321–4370m-12, and its implementing regulations by failing to provide information and analysis necessary to ensure meaningful public participation and an informed decision; 4) the Decision violated FLPMA and its implementing regulations by failing to comply with land use plan requirements adopted to protect the greater sage-grouse; and 5) the Decision violated the Steens Act, 16 U.S.C. § 460nnn et seq., by incorrectly interpreting the Steens Act's purpose and failing to conserve, protect, and manage the

"long-term ecological integrity" of Steens Mountain. *See* Plaintiffs' Complaint, ECF No. 1 at ¶ 8.

On February 26, 2021, after the new administration took office, the Department of the Interior issued a notice rescinding the former Secretary's decision and remanding the matter to BLM to allow consideration of protests timely received. *See* Notice of Rescission, attached as Ex. B. The Department gave the following reason for rescinding the Decision:

> Because the protest period had not properly concluded before the January 19 Decision was issued, I am rescinding the January 19 Decision and remanding the matter to the BLM to allow for full consideration of the timely protests received by the BLM in accordance with 43 C.F.R. subpart 4160. This is not a final determination of any matter at issue in the Notice of Final Decision. On remand, the BLM is encouraged to initiate any additional processes and opportunities for public involvement that it may determine appropriate under applicable law following a careful and considered review of protests.

*Id.* On April 9, 2021, the BLM posted a notice on its ePlanning website stating its intent to engage in additional NEPA process and public review for the Bridge Creek Area Allotments Management Plan:

> Following rescission of the January 19, 2021 Decision and remand of the matter back to the Bureau of Land Management, the BLM Burns District is reviewing options for completing the new Bridge Creek Area Allotments Management Plan. The District is taking a careful look at protest points. Based on review to date, the District has determined it will offer further public involvement in the NEPA process. In the coming months, the BLM Burns District will post its updated NEPA analysis on this ePlanning site for further public review and comment.

("April 9 Notice"), Bridge Creek Area Allotment Management Plan, BLM National NEPA Register, available at https://eplanning.blm.gov/eplanning-ui/project/1504684/510.

On December 3, 2021, the BLM published a Notice of Intent ("December 3 Notice") to prepare an Environmental Impact Statement ("EIS") for the Bridge Creek Area Allotment Management Plans. *See* 86 Fed. Reg. 68,682. The Notice initiates the public scoping process for

Page 4 – Defendants' Motion to Dismiss

the EIS and solicits written comments from the public on this process and further states that "[t]he BLM will provide additional opportunities for public participation upon publication of the Draft EIS." *Id*. The Notice outlines the purpose of the scoping process:

> Through the public-scoping process, the BLM is seeking input on issues, actions, and alternatives that should be addressed in the EIS. Potential issues include the effects of proposed management actions on livestock grazing management, sagebrush ecosystem health, sage-grouse habitat, vegetation, fuels (including invasive annual grasses), riparian/water quality/ fisheries, socioeconomics, visual resources, and Wilderness Study Areas. Potential management actions to consider include alternative grazing systems and schedules; issuance of 10-year grazing permits in the four allotments; proposed AMPs; raising the allowable forage use in the Hammond allotment to address higher production of crested wheatgrass seedings; authorization of temporary, non-renewable forage use to reduce standing fine fuel biomass; and installation, modification, or removal of range developments.

*Id*. at 68,682-83. In publishing the December 3 Notice, BLM has confirmed that it will conduct new NEPA analysis and provide further opportunity for the public—including Plaintiffs—to participate before BLM renders a new final decision.

## II. LEGAL STANDARD

"[T]he court must dismiss the action" if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3); *see also* Fed. R. Civ. P. 12(b)(1). The party invoking the Court's subject-matter jurisdiction—here, the plaintiff—bears the burden of proving it. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (citing *Rattlesnake Coal. v. EPA*, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007)); *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). A federal court is presumed to lack jurisdiction in a particular case unless the plaintiff makes a showing to the contrary. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968-69 (9th Cir. 1981).

While, on a motion to dismiss, all well-pleaded allegations of material fact are taken as

true and construed in the light most favorable to the non-moving party, *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998), a court addressing a motion to dismiss for lack of subject matter jurisdiction is not necessarily restricted to the face of the pleadings, *Robinson*, 586 F.3d at 685 (citing *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)); *Warth v. Seldin*, 422 U.S. 490, 501 (1975). Rather, the court may consider declarations or other evidence if necessary to resolve factual questions bearing on the jurisdictional issue without converting the motion into one for summary judgment. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (citing *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983)). If a federal court finds that it lacks subject matter jurisdiction at any time, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

**III.   ARGUMENT**

Plaintiffs' challenge to the January 19, 2021, Decision to authorize the BLM to issue a grazing permit to Hammond Ranches is moot because the Decision was rescinded nearly a year ago. For the same reason, any alleged procedural violations leading up to the Decision are not justiciable, and have in any case since been addressed by the BLM. Thus, Plaintiffs can no longer assert actual injury to any concrete interest they may have in the Bridge Creek allotments. Accordingly, the Court lacks subject-matter jurisdiction over Plaintiffs' claims and they should be dismissed.

Because Plaintiffs' claims are moot, there is no case or controversy over which the Court can exercise jurisdiction. Under Article III of the United States Constitution, "the exercise of judicial power depends upon the existence of a case or controversy." *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n.3 (1964). A federal court does not have jurisdiction "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the

matter in issue in the case before it." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (citations and quotation marks omitted); *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) ("Mootness is a jurisdictional issue."). A "live controversy [must] persist throughout all stages of the litigation." *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1128-29 (9th Cir. 2005) (en banc) (citation omitted). "[A] suit becomes moot, 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Chafin v. Chafin*, 568 U.S. 165, 172 (2013). The central question, therefore, is "whether changes in the circumstances that prevailed at the beginning of [the] litigation have forestalled any occasion for meaningful relief." *Gator.com*, 398 F.3d at 1129 (quoting *West v. Sec'y of the Dep't of Transp.*, 206 F.3d 920, 925 n.4 (9th Cir. 2000)).

      Plaintiffs have the burden of demonstrating that a case or controversy exists at all stages of the litigation. *See Coverdell v. Dep't of Soc. & Health Servs.*, 834 F.2d 758, 766 (9th Cir. 1987). If a challenged government action no longer presents an actual or threatened injury, or a change in circumstances deprives a court of the ability to provide any meaningful or effective relief for the alleged violation, the matter is moot and must be dismissed for lack of jurisdiction. *See Mills v. Green*, 159 U.S. 651, 653 (1895); *Feldman v. Bomar*, 518 F.3d 637, 642-43 (9th Cir. 2008). Moreover, the Ninth Circuit has long recognized that "when actions complained of have been completed or terminated, declaratory judgment and injunctive actions are precluded by the doctrine of mootness." *Pub. Utils. Comm'n Cal. v. FERC*, 100 F.3d 1451, 1458–59 (9th Cir. 1996) (holding that a challenge to a pipeline permit was rendered moot when the permittee declined to accept the permit); *see also Nevada State Bd. of Agric. v. United States*, 699 F.2d 486, 487 (9th Cir. 1983) (holding that a challenge to the Secretary of the Interior's moratorium on settlement of federal lands was rendered moot when that moratorium was rescinded); *Nome*

*Eskimo Cmty. v. Babbitt*, 67 F.3d 813, 815 (9th Cir. 1995) (holding that a challenge to a lease sale was rendered moot when the lease sale was cancelled).

Consistent with these principles, Plaintiffs' challenge to the January 19, 2021, Decision to authorize the BLM to issue a grazing permit to Hammond Ranches is moot and must be dismissed because the Decision was rescinded nearly a year ago. *See* Ex. B. As a result of the rescission, Hammond Ranches is not authorized to graze its livestock on the Bridge Creek Allotments, does not hold a grazing preference, and is not authorized to install or remove range improvements in the Bridge Creek Allotments. In short, Plaintiffs have no basis on which to allege any injury to their use and enjoyment of the Bridge Creek Allotments from the decision challenged in their complaint. *See* Compl. ¶¶ 14–18, 22, 122–47.

Moreover, to the extent that Plaintiffs may argue that their claims are not moot based solely on alleged procedural violations leading up to the now rescinded grazing decision, they would be incorrect. Plaintiffs alleged certain procedural injuries in their complaint, *see* Complaint ¶¶ 22, 109–21, but those alleged interests standing alone do not present a justiciable case or controversy now that the grazing decision that they challenged has been rescinded. In their first claim for relief, Plaintiffs allege that former Secretary Bernhardt violated FLPMA, the Department of the Interior's regulations, and the APA, by improperly asserting jurisdiction over this matter and by issuing the Decision prematurely, without allowing for full opportunities for public participation, including the requisite 15-day public protest period. But without an underlying grazing decision to challenge, such claims no longer present a live controversy; indeed, standing would not exist for such claims. As the Supreme Court has explained, the mere "deprivation of a procedural right without some concrete interest that is affected by the deprivation—a procedural right *in vacuo*—is insufficient to create Article III standing." *Summers*

Page 8 – Defendants' Motion to Dismiss

*v. Earth Island Inst.*, 555 U.S. 488, 496 (2009). Here, Plaintiffs can no longer assert actual injury to any concrete interest they may have in the Bridge Creek Allotments because, just as in *Summers*, the Department of the Interior's rescission of the Decision takes the associated grazing permit and allotments "off the table." *Id.* at 497.

Furthermore, Interior and the BLM have already acted to address, and even cure, these non-justiciable injuries. For example, when Interior rescinded the Decision, it explained that one of its reasons for doing so was that the Decision had "prevent[ed] the interested parties from having a full 15 days after receipt to submit protests, as is required by applicable regulation." *See* Notice of Rescission, Ex. B. The Decision therefore encouraged BLM on remand "to initiate any additional processes and opportunities for public involvement that it may determine appropriate under applicable law following a careful and considered review of protests." *Id*. And, following that, the BLM made clear in its April 9, 2021, notice that it would take "a careful look at protest points [and] . . . offer further public involvement in the NEPA process." *See* April 9 Notice. Finally, on December 3, 2021, the BLM initiated a public scoping process for new NEPA analysis in the form of an EIS to analyze livestock management actions. *See* 86 Fed. Reg. 68,682. The December 3 Notice solicits public comments on the EIS scoping process and provides for additional opportunities for public participation upon publication of the Draft EIS. *Id*. Plaintiffs, notably, could not obtain any additional relief even if they were to fully litigate their claims and prevail on the merits, because relief in an APA case is typically limited to an order vacating the Decision and remanding the matter back to the agency for further proceedings, *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985). Given that Interior is already undertaking further administrative proceedings, there is simply no room for this Court to provide any meaningful or effective relief for the alleged violation.

Page 9 – Defendants' Motion to Dismiss

In sum, Plaintiffs have no remaining justiciable claims, no cognizable concrete injury, and no basis for anticipating that their earlier alleged—and now fully resolved—injuries are likely to recur. For all of these reasons, their Complaint should be dismissed as moot.

## IV.     CONCLUSION

The Department of the Interior has rescinded the challenged Decision and initiated a new NEPA process that provides further opportunities for public involvement. If, at the end of that process, BLM decides to authorize grazing in the Bridge Creek allotments, Plaintiffs may challenge such a decision in a new lawsuit. Until then, no such grazing is authorized and the grazing authorization challenged in Plaintiffs' lawsuit no longer exists. Accordingly, Plaintiffs' challenge to that decision no longer presents a live Article III "case or controversy," and there is no effective relief that this Court could award. Thus, the Court should dismiss this action as moot.

Dated this 29th day of December, 2021.

　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　TODD KIM
　　　　　　　　　　　　　　　　　　　Assistant Attorney General
　　　　　　　　　　　　　　　　　　　Environment and Natural Resources Division

　　　　　　　　　　　　　　　　　　　*/s/ Shannon Boylan*
　　　　　　　　　　　　　　　　　　　SHANNON BOYLAN, Trial Attorney
　　　　　　　　　　　　　　　　　　　ARWYN CARROLL, Trial Attorney
　　　　　　　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　　　　　Environment and Natural Resources Division
　　　　　　　　　　　　　　　　　　　Natural Resources Section
　　　　　　　　　　　　　　　　　　　150 M St. NE
　　　　　　　　　　　　　　　　　　　Suite 3.1406
　　　　　　　　　　　　　　　　　　　Washington, DC 20002
　　　　　　　　　　　　　　　　　　　Tel: 202-598-9584, 202-305-0456
　　　　　　　　　　　　　　　　　　　Fax: 202-305-0506

shannon.boylan@usdoj.gov
arwyn.carroll@usdoj.gov

*Attorneys for Defendants*

Page 11 – Defendants' Motion to Dismiss