Peter M. ("Mac") Lacy (OSB # 013223)
Oregon Natural Desert Association
2009 NE Alberta St., Ste. 207
Portland, OR  97211
(503) 525-0193
lacy@onda.org

Talasi B. Brooks (*Pro Hac Vice*)
Western Watersheds Project
PO Box 2863
Boise, ID  83701
(208) 336-9077
tbrooks@westernwatersheds.org

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PENDLETON DIVISION

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, et al.,<br><br>  Plaintiffs,<br><br>    v.<br><br>SECRETARY OF THE UNITED STATES DEPARTMENT OF THE INTERIOR, and BUREAU OF LAND MANAGEMENT,<br><br>  Defendants. | Case No. 2:21-cv-297-HL<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY** |

1.      Plaintiffs hereby give notice of the attached decision, *Environmental Defense Center v. Bureau of Ocean Energy Management*, __F.4th__, 2022 WL 1816515 (9th Cir. June 3, 2022).

2.      Plaintiffs filed their sur-reply brief on Federal Defendants' motion to dismiss on March 2, 2022, which concluded briefing on the motion presently pending before the Court. *See* Sur-reply Brief (ECF No. 29). Federal Defendants' motion to dismiss argues that this case is moot because the Bureau of Land Management ("Bureau") "rescinded" the challenged decision the day after Plaintiffs filed this lawsuit and the Bureau has announced it plans to complete a new Environmental Impact Statement ("EIS") for the Bridge Creek allotments sometime in the future. Mot. to Dismiss (ECF No. 21). Plaintiffs contend that the case is not moot because the Bureau has left the allegedly unlawful Environmental Assessment in place, and this Court may still issue effective relief to address Plaintiffs' claims with regard to the agency's flawed environmental review and public process. Pls.' Resp. Br. (ECF No. 22). The Ninth Circuit's opinion in *Environmental Defense Center* is directly relevant to arguments Plaintiffs made in opposition to the Motion to Dismiss.

3.      Specifically, in their Response Brief opposing the Motion to Dismiss, Plaintiffs argue, in part, that their case is not moot because they are injured by the EA and FONSI at issue here, which are reviewable final agency actions, and that the Court can provide relief that would redress those injuries. *See* Pls.' Resp. Br. at 19–21. They also responded to Federal Defendants' contention that Plaintiffs' procedural injuries, independent of a final decision, were no more than injuries "*in vacuo*," by explaining that a procedural injury is ripe for review when that injury occurs, and may be asserted by a plaintiff with the requisite "concrete interests." Pls.' Resp. Br. at 22–23.

NOTICE OF SUPPLEMENTAL AUTHORITY—1

4. The Ninth Circuit's opinion in *Environmental Defense Center* supports both arguments.

5. First, the Ninth Circuit held that "final NEPA documents are final agency actions." *Envtl. Def. Ctr.*, 2022 WL 1816515, at *8. This is true "whether they take the form of an EIS and Record of Decision or an EA and FONSI, because they culminate the environmental review process." *Id*. As the Ninth Circuit described, a FONSI represents an agency's "final word on the environmental impacts of the proposed action"—as they are described and evaluated in the accompanying EA. *Id*. at *7. Although Federal Defendants belatedly withdrew the FONSI after Plaintiffs filed their response brief opposing the motion to dismiss, the agency has refused to withdraw the EA, which is the NEPA document that contains the actual environmental findings and analysis alleged by Plaintiffs to be unlawful. *See* 5 U.S.C. § 706(2)(A) (courts shall "hold unlawful and set aside *agency action, findings, and conclusions*" that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" (emphasis added)). The EA remains in place and continues to cloud the agency's analysis and establish the Court's jurisdiction over Plaintiffs' claims, as Plaintiffs argued in their response brief opposing the Motion to Dismiss. *See id*. at *8 (holding "[t]he EA and FONSI meet the *Bennett* test for "final agency action," and we have subject matter jurisdiction over Plaintiffs' claims.").

6. Second, the Ninth Circuit held that claims asserting procedural injury from a NEPA review, like those at issue in the case here, are "ripe and ready for review at the moment they happen." *Id.* at *10. Site-specific action in such cases, the Ninth Circuit held, "is simply a factual coincidence, rather than the basis for a legal distinction." *Id*. (quoting *Citizens for Better Forestry v. U.S. Dep't of Agric.*, 341 F.3d 961, 977 (9th Cir. 2003)). Thus, the Ninth Circuit held that plaintiffs in that case did not need to wait for site-specific permits to issue before bringing

NOTICE OF SUPPLEMENTAL AUTHORITY—2

procedural challenges to a programmatic NEPA analysis, since their procedural claims challenging the EA and FONSI were "immediately ripe for review." *Id*. Similarly here, Plaintiffs' procedural injuries from the Bridge Creek Allotments EA, which was promulgated without adequate opportunity for public review and comment and failed to take the required "hard look" at numerous issues impacting the environment, are ripe and may be reviewed by the Court. *See* Compl. ¶¶ 135, 136.

DATED this 9th day of June, 2022.    Respectfully submitted,

s/ Talasi B. Brooks
_____

Talasi B. Brooks (*Pro Hac Vice*)
Western Watersheds Project

s/ Peter M. Lacy
_____

Peter M. ("Mac") Lacy
Oregon Natural Desert Association

Attorneys for Plaintiffs

NOTICE OF SUPPLEMENTAL AUTHORITY—3