**Peter M. ("Mac") Lacy (OSB # 013223)**
Oregon Natural Desert Association
2009 NE Alberta St., Ste. 207
Portland, OR  97211
(503) 525-0193
lacy@onda.org

**Talasi B. Brooks (*Pro Hac Vice*)**
Western Watersheds Project
PO Box 2863
Boise, ID  83701
(208) 336-9077
tbrooks@westernwatersheds.org

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**PENDLETON DIVISION**

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, et al., | Case No. 2:21-cv-297-HL |
| Plaintiffs, | **NOTICE OF SUPPLEMENTAL AUTHORITY** |
| v. | |
| SECRETARY OF THE UNITED STATES DEPARTMENT OF THE INTERIOR, and BUREAU OF LAND MANAGEMENT, | |
| Defendants. | |

1.     Plaintiffs hereby give notice of the attached decision, *West Virginia v. Environmental Protection Agency*, __S.Ct.__, 2022 WL 2347278 (June 30, 2022).

2.     Federal Defendants contend this case is moot because the Department of the Interior rescinded the challenged Decision the day after Plaintiffs filed their Complaint and later withdrew the Finding of No Significant Impact ("FONSI") associated with the challenged Environmental Assessment ("EA"). *See generally* Defs.' Reply Br. (ECF No. 25). In arguing that Plaintiffs' case is moot, Federal Defendants contend that Plaintiffs no longer have standing to assert injuries from the challenged EA because they claim "Plaintiffs have failed to demonstrate any concrete injury stemming from the EA and FONSI." *See id.* at 7.

3.     But, as Plaintiffs explained at argument and in their briefing, the issue before the Court is a question of mootness, not standing. *See* Sur-reply Br. 6. As they have maintained throughout these proceedings, this case remains justiciable, among other reasons, because the Bureau of Land Management cannot moot a case by withdrawing challenged actions, particularly when doing so leaves it "free to return to [its] old ways." *Id*. at 4 (quoting *Friends of the Earth v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 170 (2000)).

4.     Plaintiffs filed their sur-reply brief (ECF No. 29) on Federal Defendants' motion to dismiss on March 2, 2022, which concluded briefing on the motion presently pending before the Court. The Court heard oral argument on June 29, 2022. ECF No. 33.

5.     On June 30—the day after the hearing—the Supreme Court rejected a similar effort by the government to cast mootness as a standing issue and declined to find a case moot based on voluntary actions by the government. In *West Virginia v. EPA*, the government argued that agency and judicial actions that occurred while the case was pending on appeal had "eliminated any . . . possibility of injury." 2022 WL 2347278, at *11 (quoting government's

brief). First, EPA had announced it did not intend to enforce the challenged plan because it intended to promulgate a new rule; and second, the lower court stayed its judgment pending new rulemaking. *Id*. The government claimed that the absence of any injury to the plaintiff "*mooted*" the dispute. *Id*.

6. The Court deemed this a "Freudian slip" and explained: "It is the doctrine of *mootness*, not standing, that addresses whether "an intervening circumstance [has] deprive[d] the plaintiff of a personal stake in the outcome of the lawsuit." *Id*. (quoting *Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013)). The difference "matters," according to the Court, because "the Government, not petitioners, bears the burden to establish that a once-live case has become moot." *Id*. And further, "[t]hat burden is 'heavy' where, as here, '[t]he only conceivable basis for a finding of mootness in th[e] case is [the respondent's] voluntary conduct.'" *Id*. (quoting *Laidlaw*, 528 U.S. at 189) (alteration in original).

7. The Court in *West Virginia v. EPA* concluded that the government had not carried its "heavy" burden because "'voluntary cessation does not moot a case' unless it is 'absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Id*. (quoting *Parents Involved in Cmty. Schs. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 719 (2007)). Important to the Court's analysis was that the government did not state that if the case was resolved in its favor, it would not reimpose the emissions limits on generation stations that sparked the controversy there. *Id*. Instead, the government "vigorously defend[ed]" the "legality" of such an approach." *Id*. The Court held, "[w]e do not dismiss a case as moot in such circumstances." *Id*. Even while the dissent accused the majority of issuing an advisory opinion, it agreed that "[t]he Court may be right that doing so does not violate Article III mootness rules (which are notoriously strict)." *Id*. at *28 (Sotomayor, J., dissenting).

8. *West Virginia v. EPA* supports Plaintiffs' position that "[t]he Bureau cannot defeat standing through actions taken after the case was filed—whether WWP's injuries remain reviewable by this Court is a mootness inquiry." Sur-reply Br. at 7. It also supports Plaintiffs' position that the case remains justiciable, especially because the Bureau has not "commit[ted] to any different action or outcome" and "still refuses to withdraw the EA." *Id*. at 3. Just like in *West Virginia v. EPA*, the government has not stated that it would *not* authorize grazing on the Bridge Creek allotments if the case is resolved in its favor—indeed, it plans to issue a new grazing decision for the allotments—and it continues to defend its actions in the challenged EA. The Court should not dismiss the case as moot "in such circumstances." *West Virginia*, 2022 WL 2347278, at *11.

DATED this 12th day of July, 2022.   Respectfully submitted,

s/ Talasi B. Brooks
_____

Talasi B. Brooks (*Pro Hac Vice*)
Western Watersheds Project


s/ Peter M. Lacy
_____

Peter M. ("Mac") Lacy
Oregon Natural Desert Association

Attorneys for Plaintiffs

NOTICE OF SUPPLEMENTAL AUTHORITY—3