TODD KIM
Assistant Attorney General
United States Department of Justice

SHANNON BOYLAN (DC Bar No. 1724269)
ARWYN CARROLL (MA Bar No. 675926)
United States Department of Justice
Environment and Natural Resources Division
150 M St NE
Washington, DC 20002
Tel: (202) 598-9584 (Boylan)
Tel: (202) 305-0465 (Carroll)
Fax: (202) 305-0506
shannon.boylan@usdoj.gov
arwyn.carroll@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **WESTERN WATERSHEDS PROJECT, OREGON NATURAL DESERT ASS'N, WILDEARTH GUARDIANS, and CENTER FOR BIOLOGICAL DIVERSITY**, <br><br> Plaintiffs, <br><br> v. <br><br> **SECRETARY OF THE UNITED STATES DEPARTMENT OF THE INTERIOR and BUREAU OF LAND MANAGEMENT**, <br><br> Defendants. | Case No. 2:21-cv-00297-HL <br><br> **DEFENDANTS' RESPONSE TO PLAINTIFFS' SECOND NOTICE OF SUPPLEMENTAL AUTHORITY** |

The Supreme Court's recent decision in *West Virginia v. EPA*, 142 S. Ct. 2587 (2022), does not change the mootness analysis at issue in this case. This case is moot because the challenged grazing decision has been rescinded, the Finding of No Significant Impact ("FONSI") that the decision relied on has been withdrawn, and any new grazing decision will be based on a new Environmental Impact Statement ("EIS") that the BLM is currently preparing. *See generally* Defs.' Mot. to Dismiss, ECF No. 21. Moreover, the BLM has explained that the rescission of the decision was not in response to the litigation and Plaintiffs have failed to show otherwise. *See* Defs.' Reply in Support of its Mot. to Dismiss, ECF No., at 8-10. Therefore, the voluntary cessation exception to mootness does not apply.

The Supreme Court's discussion of voluntary cessation in *West Virginia* is inapposite because it addresses the exception in a distinct factual context—where an agency has made only a "representation that [the agency] has no intention of enforcing [a rule]." 142 S. Ct. at 2607. That representation in *West Virginia* did not satisfy the government's "heavy" burden of demonstrating that it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id*. (quoting *Parents Involved in Community Schools v. Seattle School Dist. No. 1*, 551 U.S. 701, 719 (2007)).

Here, by contrast, the agency has not just "represented" that it has no intention of honoring the challenged grazing decision or issuing a new one based on the challenged Environmental Assessment ("EA"); it has taken actions that make that intention "absolutely clear" by: (1) rescinding the grazing decision; (2) withdrawing the FONSI that was prerequisite for the decision; and (3) initiating a more thorough environmental analysis in the form of an EIS, which will ultimately form the basis for any new permitting decision. Thus, the BLM has shown it is "absolutely clear" that there is no "reasonable expectation" that the challenged grazing

1

decision will be re-issued or that any new decision will be predicated on the challenged elements of the EA. *Id*.

Plaintiffs are left to argue that *West Virginia* is on point because "BLM has not committed to a different outcome," i.e., BLM has not stated that it would not authorize grazing, and indeed, it plans to issue a new grazing decision. *See* Pls.' Notice of Supp. Auth., ECF No. 36, at 3. The clear flaw in that argument is that Plaintiffs' NEPA claims have nothing to do with the potential substantive outcome—BLM does not have to make any representation here about what action it may ultimately take in order to secure mootness, because NEPA is not concerned with outcomes, only process. *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 350 (1989) ("it is now well settled that NEPA itself does not mandate particular results, but simply prescribes the necessary process"). Indeed, any statement by the BLM that it will not issue a grazing permit would be improper because it would demonstrate that the BLM has pre-determined the outcome of its NEPA analysis. *See Metcalf v. Daley*, 214 F.3d 1135, 1145-46 (9th Cir. 2000). Because Plaintiffs assert only procedural deficiencies, it is enough for BLM to show that the alleged procedural deficiency could not reasonably be expected to recur, and BLM has amply carried that burden.[1]

Plaintiffs' contention that the BLM "continue[s] to defend its actions in the challenged EA" is also incorrect, as this case has not yet reached the merits stage. *See* Pls.' Notice at 3 (citing *West Virginia*, 142 S.Ct. at 2607 (reasoning that mootness of case less likely where the

---

[1] Plaintiffs do not challenge the BLM's general authority to issue grazing permits (or even its specific authority to authorize grazing on these allotments under the governing Resource Management Plan). Nor do Plaintiffs claim that *no* grazing could possibly be authorized that does not run afoul of the statutes and regulations cited in their Complaint. So their demand that BLM affirmatively state it will never authorize grazing on these allotments is untethered to the relief sought in their Complaint (or indeed any relief that the Court could grant).

Government "vigorously defends" the legality of its decision)). Here, BLM is decidedly not "vigorously defending" the legality of the challenged EA, as occurred in *West Virginia*. BLM is instead replacing that EA with a much more thorough environmental analysis.

As for standing, *West Virginia* says nothing about the issue of procedural injury discussed in the briefing. *See* Defs.' Mot. to Dismiss at 8-9 (explaining why Plaintiffs do not have standing for claims alleging procedural injury *in vacuo* as held in *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009)). Because the injury in *West Virginia* was not procedural, it does not bear on the issue in this case – whether Plaintiffs can demonstrate concrete injury stemming from the mere existence of a preliminary environmental analysis document that once supported a now-rescinded decision.

Dated this 26th day of July, 2022.

    Respectfully submitted,

    TODD KIM
    Assistant Attorney General
    Environment and Natural Resources Division

    */s/ Shannon Boylan*
    SHANNON BOYLAN, Trial Attorney
    ARWYN CARROLL, Trial Attorney
    U.S. Department of Justice
    Environment and Natural Resources Division
    Natural Resources Section
    150 M St. NE
    Suite 3.1406
    Washington, DC 20002
    Tel: 202-598-9584, 202-305-0456
    Fax: 202-305-0506
    shannon.boylan@usdoj.gov
    arwyn.carroll@usdoj.gov

    *Attorneys for Defendants*