IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, et al., | No. 2:21-cv-00297-HL |
| | **ORDER** |
| Plaintiffs, | |
| v. | |
| SECRETARY OF THE UNITED STATES DEPARTMENT OF THE INTERIOR, and BUREAU OF LAND MANAGEMENT, | |
| Defendants. | |

HALLMAN, United States Magistrate Judge:

      The Court has before it the Parties' Joint Motion for Voluntary Dismissal, ECF 83, which seeks voluntary dismissal under Fed. R. Civ. P. 41(a)(2). Having reviewed and considered the

PAGE 1 – ORDER

motion, and good cause appearing, the Court concludes that said Joint Motion for Voluntary Dismissal is appropriate under Fed. R. Civ. P. 41(a)(2) and the facts presented. Accordingly,

IT IS ORDERED that the Parties' Joint Motion for Voluntary Dismissal is hereby GRANTED; and

IT IS FURTHER ORDERED that the Settlement Agreement executed by the Parties is included as an attachment hereto, and that this Court shall have continuing jurisdiction to enforce the terms of the Settlement Agreement's Section 1(A)(1-2 and 6) and Section 3(A)(1-3) attached hereto; and

IT IS FURTHER ORDERED that this case is hereby DISMISSED.

IT IS SO ORDERED.

DATED this 15th day of January 2025

_____
ANDREW HALLMAN
United States Magistrate Judge

# SETTLEMENT AGREEMENT

*Western Watersheds Project et al. v. Secretary of the United States Dep't of the Interior and Bureau of Land Management*, No. 2:21-cv-297-HL (D. Or.)

This Settlement Agreement ("Agreement") is entered into by and between Plaintiffs Western Watersheds Project, Oregon Natural Desert Association, WildEarth Guardians, and Center for Biological Diversity, and Defendants Secretary of the United States Department of the Interior and Bureau of Land Management ("Bureau" or "BLM"), (individually, "Party"; collectively, "the Parties"), who, by and through their undersigned counsel, state as follows:

## RECITALS

WHEREAS, on January 19, 2021, the Secretary of the Interior issued a Notice of Decision to issue a grazing permit to Hammond Ranches, Inc. ("HRI") on four allotments partially located in the Steens Mountain Cooperative Management and Protection Area, in southeastern Oregon;

WHEREAS, Plaintiffs filed a Complaint on February 25, 2021 (ECF 1), challenging the decision and alleging that Defendants violated the Federal Land Policy and Management Act ("FLPMA"), the National Environmental Policy Act ("NEPA"), and the Steens Mountain Cooperative Management and Protection Act ("Steens Act") in issuing the decision;

WHEREAS, the January 19, 2021, decision was rescinded on February 26, 2021. On December 3, 2021, the BLM issued a Notice of Intent to prepare an environmental impact statement ("EIS") for the Bridge Creek Area Allotment Management Plans;

WHEREAS, the Defendants moved to dismiss Plaintiffs' claims as moot on December 29, 2021 (ECF 21);

WHEREAS, the Bureau withdrew the challenged Finding of No Significant Impact on February 18, 2022 (ECF 28);

WHEREAS, the Bureau issued a decision to implement certain upland restoration activities on the Mud Creek Allotment on August 15, 2023;

WHEREAS, on December 4, 2023, (ECF 55), the Court granted in part Defendants' motion to dismiss (ECF 21) as to the portion of Plaintiffs' first claim for relief concerning the shortened protest period and as to Plaintiffs' third claim for relief, and otherwise denied Defendants' motion to dismiss;

WHEREAS, the Parties, through their authorized representatives and without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs' claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiffs' Complaint;

NOW THEREFORE, the Parties hereby agree as follows:

1

**Section 1. Obligations of the Defendants.**

   A. In consideration of the obligations of Plaintiffs in Section 2 below, including the dismissal of the claims by Plaintiffs as described in Section 2(A)(2) below, Defendants hereby agree to the following terms:

      1. Until the Bureau issues a signed Record of Decision ("ROD") for the Bridge Creek Area Allotment Management Plans ("BCA AMP") and Final Environmental Impact Statement ("FEIS"), the Bureau will not authorize any grazing on the four BCA allotments other than incidental use associated with a two-day, twice per season, currently authorized trailing permit across the Krumbo Creek Pasture of the Hammond Allotment, as needed to maintain the grazing management system in an adjacent allotment;

      2. Until the Bureau issues a signed ROD on the BCA AMP and FEIS, the Bureau will not authorize any trailing across the Hardie Summer Allotment or Mud Creek Allotment, or across any BLM-administered portions of the Hammond FFR Allotment. The Bureau will only authorize active trailing across Krumbo Creek Pasture of the Hammond Allotment as described in Section 1(A)(1) above;

      3. The Bureau will consider and evaluate in detail an alternative in its BCA AMP Draft EIS ("DEIS") that would rest Krumbo Creek in the Krumbo Creek Pasture of the Hammond Allotment until significant progress is being made towards achieving applicable range health standards and guidelines identified in the Standards for Rangeland Health & Guidelines for Livestock Grazing Management for Public Lands in Oregon and Washington (1997) ("OR/WA Standards for Rangeland Health"), *see* 43 C.F.R. Part 4180. In this alternative, trailing would still be authorized across Krumbo Creek Pasture to the extent described above in Section 1(A)(1);

      4. The Bureau will consider an alternative in its BCA AMP DEIS that would rest certain riparian and/or upland habitat areas of the Mud Creek and Hardie Summer Allotments until appropriate ecological objectives are met within the rested areas. "Appropriate ecological objectives" include those identified in the OR/WA Standards for Rangeland Health;

      5. The Bureau will consider Plaintiffs' proposal for a Cooperative Management Agreement ("CMA") to cooperatively restore riparian and upland habitats in the Krumbo Creek Pasture of the Hammond Allotment, as discussed during the June 21, 2024 site visit held by the Parties and described in Plaintiffs' proposal dated and provided to BLM on September 23, 2024. BLM will, to the extent required by law, conduct new NEPA analysis on any resultant CMA agreed to by both Parties; and

    6. The Bureau will pay Plaintiffs the agreed upon amount of $60,000 identified in Section 3 of this Agreement for Plaintiffs' attorney fees, costs, and expenses related to this litigation.

**Section 2. Obligations of Plaintiffs.**

A. In consideration of the obligations of Defendants in Section 1 above and the Defendants' commitment to pay related attorney fees, costs and expenses provided in Section 3 below, Plaintiffs hereby agree to the following terms:

    1. The Plaintiffs' sole remedy for any dissatisfaction it may have regarding the Bureau's BCA AMP FEIS and ROD will be to pursue a new administrative or civil action challenging the new decision;

    2. The Plaintiffs will file on behalf of all Parties a Joint Motion for Voluntary Dismissal of this action as further described in Section 4(E) of this Agreement and which requests limited retention of jurisdiction by the Court as further described in Section 4(D) of this Agreement; and

    3. The Plaintiffs will not pursue a contempt of court remedy in the event of an alleged breach of this Agreement by the Bureau.

**Section 3. Litigation Costs.**

A. Without any admission of fact or law, Defendants agree to settle Plaintiffs' claims for attorney fees, costs, and expenses related to this litigation in order to avoid the expense, disruption and uncertainty of further litigation. In settlement of the Plaintiffs' claims for attorney fees, costs, and expenses, the Parties hereby agree to the following terms:

    1. Defendants will pay $60,000 to Plaintiffs by electronic funds transfer;

    2. The Plaintiffs will accept payment of $60,000 in full satisfaction of any and all claims for attorney fees, costs, and expenses which the Plaintiffs have incurred in this litigation through the date of dismissal of the action pursuant to this Agreement. Provided, however, that Plaintiffs are not barred by this or any other provision of this Agreement from seeking attorney fees, costs, and expenses incurred to enforce the terms of the Agreement, subject, however, to all available defenses, including that Plaintiffs are not entitled to attorney fees, costs, or expenses related to enforcement of the Agreement;

    3. Plaintiffs will identify one Payee for the payment described in this section. Plaintiffs agree, and Payee acknowledges, that Payee is receiving the payment on behalf of Plaintiffs Western Watersheds Project, Oregon Natural Desert Association, WildEarth Guardians, and Center for Biological Diversity, and Payee will distribute the settlement proceeds as agreed among the Plaintiffs;

4. Within 5 business days of the date this Agreement becomes effective as provided in Section 4(B) below, Plaintiffs' counsel will provide the following information to counsel for Defendants:

   Payee
   Bank name
   Bank address
   Routing number
   Account number
   Name of Account
   Federal Taxpayer Identification Number for the Payee and for all Plaintiffs identified in Section 3(A)(3);

5. Upon receiving the information identified in Section 3(A)(4) above, Defendants will promptly initiate the process for securing payment of the above referenced sum and Defendants' counsel will provide documentation (via email) to Plaintiffs' counsel advising of the initiation of that process and will make their best effort to transmit payment to Payee no later than thirty (30) days thereafter. The Defendants will provide notice by email to Plaintiffs' counsel that the electronic funds transfer has been made. Payment of this sum by the Defendants will constitute satisfaction in full of any claim for attorney fees, costs, and expenses arising out of this action;

6. Pursuant to 31 U.S.C. § 3711; 26 U.S.C. § 6402(d); 31 C.F.R. § 285.5, 901.3, and other authorities, the United States will offset against the settlement amount any delinquent debts that Plaintiffs owe to the United States; and

7. Nothing in this Agreement will be interpreted as, or will constitute, a requirement that Defendants are obligated to pay any funds exceeding those available, or to take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law.

**Section 4. General Provisions.**

A. Compromise. It is understood and agreed that this Agreement is the result of a good faith compromise and settlement of disputed claims, and that this Agreement and the releases contained herein will not be taken or construed to be an admission of any liability, responsibility, fault, or wrongdoing by any of the Parties hereto, each of whom continues to deny and disclaim any such liability, responsibility, fault, or wrongdoing. Each of the Parties hereto has entered into this Agreement to avoid the expense, disruption, and uncertainty of further litigation. This Agreement contains all the terms of agreement between the Parties concerning the Complaint and is intended to be the final and sole agreement between the Parties with respect thereto. By entering into this Agreement, the Parties, however, do not waive any claim or defense except those specifically provided herein. No part of this Agreement shall have precedential value in any litigation or in representations before any court or forum or in any public setting or in any future

    discussion with BLM or other federal departments or agencies. This Agreement is executed for the sole purpose of settling Plaintiffs' Complaint, and nothing herein shall be construed as precedent having preclusive or persuasive effect in any other context.

B. Effective Date, Modification. This Agreement will become effective when it has been signed by all Parties. No modification of this Agreement will be valid unless expressly consented to in writing by all the Parties.

C. Conditions Precedent. Except for Plaintiffs' obligation to file a Joint Motion for Voluntary Dismissal on behalf of all Parties, none of the Parties' obligations will take effect until the district court has issued an order dismissing the action in accordance with this Agreement's conditions provided in Section 4(E) below.

D. Enforcement of Agreement: Jurisdiction. Notwithstanding the dismissal of this action, the Parties hereby agree to comply with the terms of this Agreement. In the Joint Motion for Voluntary Dismissal contemplated in this Agreement, the Parties will request that the Court retain jurisdiction to oversee compliance with the terms in Section 1(A)(1-2 and 6) and Section 3(A)(1-3), and to resolve any motions to modify such terms. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).  Either party may file a motion to enforce the terms of those paragraphs, or vacate the dismissal of this case and to reinstate the litigation. The Parties agree that contempt of court is not an available remedy for any violation of this Agreement, and the Parties therefore knowingly waive any right that they might have to seek an order of contempt for any such violation. Plaintiffs' sole remedy for any dissatisfaction it may have regarding the Bureau's BCA AMP FEIS and ROD will be to pursue a new administrative or civil action challenging the new decision.

E. Dismissal of Action. Plaintiffs will file on behalf of all Parties a Joint Motion for Voluntary Dismissal of this action within fifteen (15) days of the Effective Date of this Agreement.

    The Parties agree that this Agreement should be attached to the Joint Motion for Voluntary Dismissal and that the Joint Motion for Voluntary Dismissal will seek for the Court to retain ancillary jurisdiction to enforce any breach of this Agreement in accordance with the enforcement provisions provided in Section 4(D) above.

    In the event that the Court does not retain ancillary jurisdiction, the Agreement will be void and the Parties will retain all their respective rights, including the right to seek appeal from the Court's final order or judgment.

F. Opportunity to Confer with Counsel. Each Party represents that their respective attorneys have fully advised them concerning their rights and obligations with respect to the execution of this Agreement and that each Party fully understands the same.

G. Warranty of Authority. The undersigned representatives of each Party certify that they are fully authorized by the Party or Parties they represent to agree to the terms and conditions of this Agreement and do hereby agree to the terms herein. Further, each

Party, by and through its undersigned representative, represents and warrants that it has the legal power and authority to enter into this Agreement and bind itself to the terms and conditions contained in this Agreement.

H. Counterparts. The Agreement may be executed in counterparts by the Parties named herein, and all such counterparts once so executed will together be deemed to constitute one final Agreement, as if one document has been signed by all Parties hereto; and each such counterpart, upon execution and delivery, will be deemed a complete original, binding on the Parties to the Agreement. Facsimile or scanned signatures submitted by electronic mail will have the same effect as an original signature in binding the Parties.

I. Binding effect. The provisions of this Agreement will apply to and be binding upon the Parties including, but not limited to, their officers, directors, servants, employees, successors, and assigns.

J. Notice. Any notice called for under this Agreement will be provided to the following contacts for each of the Parties:

If to Plaintiffs:

> Western Watersheds Project
> Erik Molvar, Executive Director
> emolvar@westernwatersheds.org
>
> Oregon Natural Desert Association
> Mark Salvo, Program Director
> salvo@onda.org
>
> WildEarth Guardians
> Chris Krupp, Public Lands Attorney
> ckrupp@wildearthguardians.org
>
> Center for Biological Diversity
> Marc Fink, Public Lands Law Center Director, Senior Attorney
> mfink@biologicaldiversity.org

If to Defendants:

> Bureau of Land Management
> Don Rotell, Burns District Manager
> drotell@blm.gov
>
> Department of the Interior
> Carmen Thomas, Attorney-Advisor
> carmen.thomas@sol.doi.gov

      Department of Justice
      Shannon Boylan, Trial Attorney
      shannon.boylan@usdoj.gov

Dated: January 14, 2025.

**PLAINTIFFS:**

*Jaimie L. Park*
_____
JAIMIE L. PARK (Pro Hac Vice)
9th Circuit Attorney
Western Watersheds Project
P.O. Box 37198
Albuquerque, NM 87110-9998
Telephone: (505) 750-0334

Of Attorneys for Plaintiffs


**DEFENDANTS:**

SHANNON BOYLAN
Digitally signed by SHANNON BOYLAN
Date: 2025.01.14 22:47:53 -05'00'
_____
SHANNON BOYLAN, Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Div.
Natural Resources Section
150 M St. NE
Suite 3.1406
Washington, DC 20002
Tel: 202-598-9584
Fax: 202-305-0506
shannon.boylan@usdoj.gov

Of Attorneys for Defendants